POPE & ASSOCIATES, PC
320 E. McDowell Rd., Suite 220
Phoenix, AZ 85004
Tel. 602.257.1010
Fax. 602.952.9790
Benjamin T. Wiesinger, Esq., 025831
bwiesinger@jpopelaw.com

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX, ARIZONA**

| | |
|---|---|
| ANDRES GUERRERO FOSTER, | **Case No. 2:22-at-99909** |
| Plaintiff, | |
| v. | |
| MERRICK GARLAND, <br> U.S. Attorney General | **COMPLAINT FOR MANDAMUS <br> AND DECLARATORY JUDGEMENT** |
| ALEJANDRO MAYORKAS, Secretary <br> U.S. Department of Homeland Security | |
| UR MENDOZA JADDOU, Director <br> U.S. Citizenship and Immigration Services | |
| TAMARA THOMAS, Field Office Director, <br> U.S. Citizenship and Immigration Services | |
| Defendants. | |
| | 8 U.S.C. § 1503 |

The Plaintiff filed for a certificate of citizenship. He claimed derivative citizenship through his mother, who was a United States Citizen at the time of his birth and transmitted citizenship to the Plaintiff, who was born in Mexico. The Defendants have repeatedly denied the Plaintiff's applications on the grounds that the Plaintiff failed to present sufficient evidence of the Plaintiff's mother continuous physical residence in the U.S. for at least one year prior to his birth, as required by statute.

The Plaintiff submits that this finding is erroneous and he is entitled to a certificate of citizenship as a matter of law. The Plaintiff submits that the Defendant's decision is arbitrary, capricious, and unsupported by either the facts in the record or by applicable law and regulation. For

- 1 -

these reasons more fully set forth below, the Plaintiff seeks an Order from this Court that he is entitled to a certificate of citizenship.

**I.    JURISDICTION**

1.    This Court has jurisdiction over civil actions brought under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States.

2.    Section 1503 of Title 8 empowers this Court to review the decision to deny the Plaintiff's claim to U.S. nationality.

3.    This Court has jurisdiction pursuant to 28 U.S.C. § 1361 which authorizes actions in district court, "to compel an officer or employee of the United States or agency thereof to perform a duty owed to the plaintiff."

4.    Jurisdiction is also conferred pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551, 555, 702, 704, 706, because the Plaintiff is an aggrieved party to an adverse agency action, caused by unreasonable agency delay and action not in accordance with procedure and law, and no other adequate remedy exists.

5.    The authority of the Court is invoked under 28 U.S.C. §§ 2201 and 2202, authorizing a declaratory judgement.

6.    Federal District Court jurisdiction is not barred by the REAL ID Act, because the Immigration and Nationality Act ("INA") 8 U.S.C. § 1252(a)(2)(B) only bars actions arising from a denial of discretionary relief.

7.    The Plaintiff's claim is timely filed because a civil action brought under the APA is subject to a six-year statute of limitations. *Turtle Island Restoration Network v. U.S. Dept. Of Commerce,* 438 F.3d 937, 942-43 (9th Cir. 2006).

**II.    VENUE**

8.    Venue is asserted pursuant to 28 U.S.C. § 1391(e) because the Plaintiff resides in Phoenix, Arizona and no real property is involved in the action.  Additionally, a substantial part of the relevant events took place through the United States Citizenship and Immigration Services ("CIS") Field Office located at 1330 S. 16th Street, Phoenix, AZ 85034.

**III.    PARTIES**

9.    The Plaintiff, Andres Guerrero-Foster (Mr. Guerrero), was born in Mexico, but now resides in the United States and asserts the right to a certificate of U.S. citizenship.

10.    Defendant Merrick Garland, Attorney General of the United States, is charged with administering the INA and establishing regulations to carry out authority under the INA.

11.    Defendant Alejandro Mayorkas, Secretary of the Department of Homeland Security ("DHS"), is responsible for the oversight and administration of the Citizenship and Immigration Services.

12.    Defendant Ur Mendoza Jaddou, Director of the United States Citizenship and Immigration Services, administers applications for immigration benefits.

13.    Defendant Tamara Thomas, Field Office Director of Citizenship and Immigration Services in Phoenix Arizona, is responsible for the adjudication on applications for immigration benefits.

**IV.    FACTUAL ALLEGATIONS**

14.    Plaintiff Andres Guerrero-Foster was born in Mexico on September 9, 1985, to Eva Aurelia Foster, a U.S. citizen.

15.    Plaintiff's mother, Eva Aurelia Foster, was born in Mexico on January 19, 1964.

16.    Mrs. Eva Foster, through her U.S. Citizen father, Mr. Clarence E. Foster, was issued a consular registration of birth thus making Eva Foster a U.S. Citizen by birth.

17.    Mrs. Eva Foster resided in Phoenix, Arizona, from the time of her parents marriage in March 3, 1975, through present day.  She was absent for a couple of months in 1981 when her family attended a funeral in Mexico, and again for a couple months when she was pregnant with and gave birth to Mr. Guerrero in Mexico.

18.    Mrs. Eva Foster has made the United States her primary residence since 1975 to present day.

19.    In December of 1983,  Mrs. Eva Foster and her family went to the Festival Lights festival held on Indian School and were introduced to Mr. Guerrero's future father, Andres Guerrero Gonzalez.

20.     Mrs. Foster became pregnant and on September 9, 1985, Mr. Guerrero was born in Guadalajara, Mexico while Mrs. Foster was visiting her grandmother.

21.     Soon after Mr. Guerrero's birth, in November of 1985,  Mrs. Foster returned to the United

- 3 -

States and resided at 220 E. Illini Street, Phoenix, AZ 85040.

22.     On December 23, 1992, Mr. Guerrero's initial N-600 application to Immigration and Naturalization Service was denied due to insufficient evidence.

23.     On March 17, 2015, Mr. Guerrero re-submitted an N-600 to USCIS; this application was rejected on June 12, 2015, and USCIS advised that the proper form to submit is Form I-290B.

24.     On July 24, 2015, Mr. Guerrero submitted Form I-290B, Notion of Appeal or Motion, requesting USCIS reopen the Form N-600, Application for Certificate of citizenship.

25.     On March 16, 2016, USCIS denied Plaintiff's application. The agency held that the evidence provided by Plaintiff failed to demonstrate that his mother, Mrs. Eva Foster, had one year of continuos presence in the United States or its outlying possessions prior to child's birth.

26.     On August 15, 2016, Plaintiff filed suit in this Honorable Court seeking review of the Defendants' decision to deny his N-600, District Court case no. 2:16-cv-02736-ROS.

27. On January 9, 2017, after briefing and consultation between counsel, the Plaintiff filed an unopposed motion to dismiss without prejudice because at that time, the Plaintiff was subject to removal proceedings and the Court lacked jurisdiction over the Plaintiff's claims.

28.     On January 21, 2017, the Court granted the Plaintiff's motion to dismiss without prejudice.

29.     On July 6, 2021, the Phoenix Immigration Court granted a motion to dismiss removal proceedings filed by the Department of Homeland Security.

30.     On May 12, 2022, USCIS rejected a new N-600 filed by the Plaintiff on the grounds that it was previously denied.

**V.     STATUTORY AND REGULATORY FRAMEWORK**

31.     Pursuant to section 8 U.S.C. § 1409(c):

> "(c) Notwithstanding the provision of subsection (a) of this section, a person born , after December 23, 1952, outside the United States and out of wedlock shall be held to have acquired at birth the nationality status of his mother, if the mother had the nationality of the United States at the time of such person's birth, and if the mother had previously been physically present in the United States or one of its outlying possessions for a continuos period of one year.

32.     "The applicable law for transmitting citizenship to a child born abroad when one parent is

- 4 -

a U.S. citizen is the statute that was in effect at the time of the child's birth." *United States v. Viramontes-Alvarado*, 149 F.3d 912, 915 (9th Cir. 1998).

33.     One born abroad is presumed to be an alien, and must go forward with the evidence to establish her claim to United States citizenship. *Matter of A M* , 7 I. & N. Dec. 332, 336 (BIA 1956); *U.S. ex rel. Rongetti v.  Neelly*, 207 F.2d 281, 282–84 (7th Cir. 1953).

34.     "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside." U.S. Const. Amend. XIV. Section 1503(a) of title 8 of the U.S. code provides a forum in the U.S. District Court for a person who claims a right or privilege as a national of the United States, and provides this Court with jurisdiction to declare that a person is a national of the United States.

35.     An applicant must present a preponderance of credible evidence sufficient to overcome the presumption of alienage that attaches by reason of birth in Mexico.  *Matter of Tijerina-Villarreal*, 13 I & N Dec. 327 (BIA 1969).

36.     A preponderance of evidence is the "greater weight of the evidence," or the "superior evidentiary weight," of one litigant's case as measured against the opponent. *Black's Law Dictionary* 1220 (Bryan Garner, 8th ed. 2004).  "A preponderance of the evidence means such evidence as, when considered with that opposed to it, has more convincing force, and demonstrates that what is sought to be proved is more likely true than not true." *LaFleur v. Wallace State Community College*, 955 F.Supp. 1406, 1411 (M.D.Ala. 1996) (internal citations omitted).  "Under a preponderance of the evidence standard, the jury is only required to believe that the existence of a fact is more probable than its nonexistence." *Kennedy v. Southern California Edison Co.*, 268 F.3d 763, 770 (9th Cir. 2001) (internal citations omitted).

**VI.     APPLICATION OF LAW TO THE FACTS OF THIS CASE**

37.     The Plaintiff is entitled to a certificate of citizenship because he presented sufficient evidence that his mother  physically resided in the U.S. for at least a year prior to his birth.

38.     The Defendants produced no evidence to contradict any of the Plaintiff's evidence, and there was no evidence to doubt the veracity or credibility of the Plaintiff or his witnesses.

39.     Therefore, the Plaintiff met his burden of proof that he is entitled to a certificate because he

derived U.S. Citizenship through his mother  pursuant to section 8 U.S.C. § 1409(c).

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

(1)    Assume jurisdiction over this cause pursuant to 28 U.S.C. § 1331 and 1361;

(2)    Hold a *de novo* hearing to determine the Plaintiff's claims for a certificate of citizenship;

(3)    Find that the Plaintiff is entitled to a certificate of citizenship;

(4)    Declare the Defendants' denial of Plaintiff's application to be arbitrary, capricious, and an abuse of discretion, or otherwise not in accordance with law, unsupported by substantial evidence, and unwarranted by the facts;

(5)    Compel the Defendants to grant the Plaintiff's application for a certificate of citizenship;

(6)    Award Plaintiff's attorney's fees, costs, and expenses under the Equal Access to Justice Act; and

(7)    Grant such other relief as may be proper under the circumstances.

RESPECTFULLY SUBMITTED this 15th day of September, 2022,

s/ Benjamin T. Wiesinger

Benjamin T. Wiesinger, Esq.
Pope & Associates, PC
320 E. McDowell Rd., Suite 220
Phoenix, AZ 85004
Tel. 602.257.1010
Fax. 602.952.9790
Attorneys for Plaintiffs

- 6 -

## CERTIFICATE OF SERVICE

On the 15th day of September, 2022, I, Benjamin T. Wiesinger, the undersigned, served via certified U.S. Mail, return receipt requested, the attached **Complaint**, on each person/entity listed below addressed as follows:

Merrick Garland
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

Alejandro Mayorkas
Secretary, Department of Homeland Security
U.S. Department of Homeland Security
Washington, DC  20528

Ur Mendoza Jaddou
Director
United States Citizenship and Immigration Services
650 Pennsylvania Avenue SE, Suite 250
Washington, DC  20003

Tamara Thomas
Field Office Director
United States Citizenship and Immigration Services
1330 S. 16th Street
Phoenix, AZ 85034

Served via ECF the attached **Complaint**:
Civil Clerk
United States Attorney's Office
District of Arizona
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, AZ 85004-4408

I declare under penalty of perjury that the foregoing is true and correct.  Executed on 14th day of September, 2022, at Phoenix, Arizona.

s/ Benjamin T. Wiesinger

Attorney for Plaintiffs