**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andres Guerrero Foster, | No. CV-22-01563-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Merrick Garland, et al., | |
| Defendants. | |

Plaintiff brought this action against Defendants, challenging the rejection of his N-600 application for certification of citizenship. (Doc. 1.) Before Defendants could answer, however, the United States Citizenship and Immigration Services ("USCIS") *sua sponte* reopened Plaintiff's application and voluntarily approved it. Consequently, the parties stipulated this case was moot, and the Court entered an order dismissing it as such. (Docs. 10, 11.) Plaintiff now moves for an award of $61,537 in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 13.) Defendants oppose the motion, arguing principally that Plaintiff does not qualify as a prevailing party given his case was mooted by the voluntary action of USCIS. (Doc. 17.) Plaintiff did not reply to Defendants' prevailing party argument.

The Court agrees with Defendants. The term "prevailing party" does not include one who fails to secure a judgment on the merits, but "nonetheless achieve[s] the desired result because the lawsuit brought about a voluntary change in the defendant's conduct."

*Buckhannon Bd. and Care Home, Inc. v. W. Va. Dept. of Health and Human Resources*, 532 U.S. 598, 600 (2001); *see Carbonell v. I.N.S.*, 429 F.3d 894, 898 n.2 (9th Cir. 2005) (applying *Buckhannon*'s definition of "prevailing party" to the EAJA). To qualify as a "prevailing party," one must obtain the desired result via some form of judicially sanctioned alteration in the parties' relationship, such as a judgment or a settlement enforced by a consent decree. *Buckhannon*, 532 U.S. at 604-05. Here, although Plaintiff obtained his desired outcome, it was not the result of any judicially sanctioned alteration in the parties' relationship. It instead resulted from USCIS's voluntary decision to reopen Plaintiff's application. Under these circumstances, Plaintiff cannot be considered a prevailing party for purposes of the EAJA. *See Perez-Arellano v. Smith*, 279 F.3d 791, 795 (9th Cir. 2002). Therefore,

**IT IS ORDERED** that Plaintiff's motion for attorney fees (Doc. 13) is **DENIED**.

Dated this 11th day of August, 2023.

Douglas L. Rayes
United States District Judge